# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(E-Filed: October 21, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| The Estate of MARVIN GREEN, Sr., | \* | No. 11-144V |
| Decedent, by and through, | \* | |
| MARVIN GREEN, Jr., as Personal | \* | Special Master |
| Representative | \* | Hamilton-Fieldman |
| Petitioner, | \* | |
| | \* | Stipulation; Influenza Vaccine; |
| v. | \* | Guillain-Barré Syndrome; Death |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Isaiah Richard Kalinowski, Washington, DC, for Petitioner

Linda Sara Renzi, Washington, DC, for Respondent

## DECISION[1]

On March 8, 2011, Marvin Joseph Green, Sr., filed a petition for compensation alleging that he suffered certain injuries as a result of receiving a vaccination. Upon Mr. Green's death, Marvin Green, Jr., was substituted as Petitioner. Among the injuries Petitioner alleged that Mr. Green suffered as a result of receiving a trivalent influenza vaccination was Guillain-Barré syndrome. He sought an award under the National Vaccine Injury Compensation Program, National Vaccine Injury Compensation Program[2] (the Act or the Program). 42 U.S.C. §§ 300aa-1 to -34 (2006).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)), requires that the court post this decision on its website. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, the undersigned will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denies that the flu vaccine cause Mr. Green's GBS, or any other injury, including his death.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

On October 18, 2013, counsel for both parties filed a stipulation, stating that a decision should be entered awarding compensation. The parties stipulated that the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> **(a) A lump sum of $ 126,000.00 in the form of a check payable jointly to Petitioner and to:**

> **Minnesota Department of Human Services**
> **P.O. Box 64994**
> **St. Paul, Minnesota 55164-0994**
> **Reference No. 01214309**

**Petitioner agrees to endorse this check to the Minnesota Department of Human Services; and,**

> **(b) A lump sum of $169,000.00 in the form of a check payable to Petitioner, Marvin Green, Jr., as the Administrator of the Marvin Joseph Green, Sr., Estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a).**

**Stipulation ¶ 8(a) and (b).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

The Estate of MARVIN GREEN, Sr., )
Decedent, by and through )
MARVIN GREEN, Jr., as )
Personal Representative, )
     )
             Petitioner, )   No. 11-144V
     )   Special Master
       v. )   Hamilton-Fieldman
     )   ECF
SECRETARY OF )
HEALTH AND HUMAN SERVICES, )
     )
             Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation was filed by Marvin Joseph Green, Sr. ("Mr. Green"), under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). Upon Mr. Green's death, Marvin Green, Jr. was substituted as petitioner. The petition seeks compensation for Mr. Green's injury and death, which petitioner alleges were caused by his receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Green received a flu immunization on November 12, 2008.

3. The vaccine was administered within the United States.

4. Petitioner alleges that this immunization caused Mr. Green to develop Guillain-Barre syndrome ("GBS"), and that he subsequently died as a result of his alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Marvin Joseph Green, Sr, as a result of alleged vaccine-related condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Green's GBS, or any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum payment of $126,000.00 in the form of a check payable jointly to petitioner and to:
>
> > Minnesota Department of Human Services
> > P.O. Box 64994
> > St. Paul, Minnesota 55164-0994
> > Reference No. 01214309
>
> Petitioner agrees to endorse this check to the Minnesota Department of Human Services; and,
>
> (b) A lump sum of $169,000.00 in the form of a check payable to petitioner, Marvin Green, Jr., as the Administrator of the Marvin Joseph Green, Sr, Estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. The payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator/legal representative of Marvin Joseph Green Sr.'s estate under the laws of the Red Lake Nation Tribal Court. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as conservator/legal representative of Marvin Joseph Green, Sr.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Mr. Green at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Marvin Joseph Green, Sr., upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of the estate of Marvin Joseph Green, Sr., on behalf of himself, the estate and Marvin Joseph Green Sr.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

3

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Marvin Joseph Green, Sr. resulting from, or alleged to have resulted from, the influenza vaccine administered on November 12, 2008, as alleged in a petition for vaccine compensation filed on or about March 8, 2011, in the United States Court of Federal Claims as petition No. 11-144V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Green's GBS, or any other injury or his death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal administrator of the estate of Marvin Joseph Green, Sr.

## END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

MARVIN GREEN, JR.

ATTORNEY OF RECORD FOR
PETITIONER

ISAIAH KALINOWSKI
Maglio, Christopher, Toale & Pitts
1751 Mound Street
Second Floor
Sarasota, Florida 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D.
Acting Director, Division of
Vaccine Injury Compensation
Director, Countermeasures
Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: October 18, 2013

ATTORNEY OF RECORD FOR
RESPONDENT:

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4133